**E-FILED**
Friday, 08 September, 2006  01:04:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| GERALD M. ASWEGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-4047 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is now before the Court on Petitioner, Gerald M. Aswege's ("Aswege"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the § 2255 Motion [#1] is DISMISSED.

### BACKGROUND

On August 19, 2004, Aswege was charged in a three count indictment with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); and Criminal Forfeitures.  On the second day of trial, Aswege decided to plead guilty pursuant to a written plea agreement.  In the plea agreement, Aswege pled guilty to both drug counts and waived his right to a jury trial on the forfeiture count.  Pursuant to Rule 11(c)(1)(C), Aswege and the Government agreed and stipulated that Aswege's sentence of imprisonment for his conviction on the drugs counts would be 70 months.  In return, Aswege waived his rights to appeal his sentence and to attack his conviction under 28 U.S.C. § 2255.

A sentencing hearing was held on September 22, 2005, and Aswege was sentenced to 70 months imprisonment, 4 years of supervised release, a $200 special assessment, and a $15,000 fine. The Court reserved the forfeiture issue for a future hearing.

On July 24, 2006, Aswege filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Government filed a Motion to Dismiss Aswege's § 2255 Motion on August 10, 2006.  Aswege declined to file a traverse.  As the issues are now fully briefed, this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice."  Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995).  Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude."  Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993) (citing Scott v. United States, 997 F.2d 340 (7th Cir. 1993)). A § 2255 motion is not, however, a substitute for a direct appeal.  Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995).

In his § 2255 motion, Aswege alleges that he is entitled to relief because his counsel was ineffective because he (1) failed to impeach certain government witnesses, which resulted in Aswege losing a two level downward departure; (2) did not appeal Aswege's conviction and sentence; and (3) did not object to the use of the preponderance of the evidence standard that Aswege alleges was used at sentencing.  The Government argues that Aswege's motion should be dismissed because Aswege voluntarily waived his right to attack his conviction and sentence through 28 U.S.C. § 2255 in his plea agreement, which contained the following provisions:

10.   The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and /or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

11.   The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

(Plea Agreement, at ¶ ¶ 10–11.)

Here, Aswege would appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. Although Aswege asserts that his counsel was ineffective, he makes no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea.  Additionally, he does not

3

present any evidence indicating that but for his counsel's ineffective assistance, he would not have entered into the plea agreement. Perhaps this is because he believes that the plea bargain's advantages outweigh its disadvantages. In any event, so long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. United States v. Inglese, 282 F.3d 528, 540 (7th Cir. 2002) (citing United States v. Wenger, 58 F.3d 280 (7th Cir. 1996)); United States v. Nelson, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, this circuit has recognized that, despite such a waiver, the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1144-45. Accordingly, although Aswege does not contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver, the Court will address his claim to the extent necessary to determine whether the negotiation of the various waiver provisions is implicated.

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Aswege must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. United States v.

Woolley, 123 F.3d 627, 635 (7th Cir. 1997).  "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'"  United States v. Ryan, 986 F.Supp. 509, 513 (N.D.Ill. 1997) (quoting Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986)); *see also* McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, Aswege has made no specific factual assertions that his attorney rendered ineffective assistance in negotiating his plea agreement.  Aswege does not argue that but for the purportedly misleading advice of counsel, he would have rejected the plea offer and insisted on going to trial.  Moreover, he does not ask the Court set aside his plea agreement.

Aswege also received a lengthy explanation of the waiver provisions and their consequences during the plea colloquy.  As set forth below, this explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate actual prejudice under Strickland.  This same dialogue also demonstrates the knowing and voluntary nature of Aswege's waiver and guilty plea, as well as his competency.

When the Court accepted Aswege's guilty plea, it held a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks."  Key, 806 F.2d at 136.  Rule 11 also provides for a colloquy that "exposes the defendant's state of mind in the record through personal interrogation."  Id. (quoting United States v. Fountain, 777 F.2d 351, 356 (7th Cir. 1985)).  This aspect of the Rule 11 hearing is especially important with respect to subsequent

collateral proceedings, because the representations made by the defendant during a plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.  Id. (citing Thompson v. Wainwright, 787 F.2d 1447 (11th Cir. 1986)); Blackledge v. Allison, 431 U.S. 63 (1977).  Furthermore, the solemn declarations made at a Rule 11 hearing are entitled to a strong presumption of verity.  United States v. Seybold, 979 F.2d 582, 587 (7th Cir. 1992) (citing Key, 806 F.2d at 136); Blackledge, 431 U.S. at 74.

After a careful review of the transcript of Aswege's Rule 11 hearing, the Court finds that he has failed to overcome the strong presumption of verity that attached to the statements of voluntariness and understanding that he made during that hearing.  The pertinent portion of the record reveals the following colloquy between Aswege and the Court after he was placed under oath:

Q: Now that you have been sworn, do you understand that your answers to my questions are subject to the penalties of perjury or giving a false statement if you don't answer truthfully?

A: Yes.

\* \* \*

Q: Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?

A: No.  No.  I saw a psychologist, but that was it.

Q: Is there anything about your psychological condition that would, in your opinion, in any way interfere with your ability to understand what's happening here today?

A: No.

Q: Are you currently under the influence of any drug, medication, or alcoholic beverage of any kind?

A: No, sir.

Q:      Have you received a copy of the indictment pending against you, that is the written charges made against you in this case?

A:      Yes, sir.

Q:      Have you fully discussed those charges and the case in general, including any possible defenses that you might have with Mr. Breckenfelder as your attorney?

A:      Yes, I did.

Q:      And are you fully satisfied with the counsel, representation, and advice given to you in this case by your attorney, Mr. Breckenfelder?

A:      Yes.

Q:      As I understand it, your willingness to plead guilty here today is due, at least in part, to the discussions that you and your attorney have had with the attorneys for the Government leading up to the execution by you of this written plea agreement?  Is that correct?

A:      Right.

Q:      Did you have a reasonable opportunity to read and discuss this plea agreement with your attorney before you signed it?

A:      Yes.

Q:      Does the plea agreement represent in its entirety every understanding that you have with the Government?

A:      Yes.

Q:      Do you understand the terms of the plea agreement?

A:      Yes.

* * *

Q:      Then the next two paragraphs on pages 5 and 6, paragraphs 10 and 11, both have to do with waivers of rights.  Paragraph 10 focuses on you waiving your right to file a direct appeal to the Court of Appeals in Chicago after you're sentenced if you were to believe that there was something unlawful or unconstitutional either about the process that was used here or the actual sentence itself.  In paragraph 10, you're giving up the right to do that with two exceptions.  Number one is if

7

the Court were to impose a sentence in excess of the statutory maximum and the other thing is you could still pursue a claim that your attorney had not effectively represented you regarding the plea agreement itself. But other than that, you're giving up any and all right to file a direct appeal to the Court of Appeals if you're not happy with the outcome. Do you understand that?

A:    Yes.

Q:    Any questions about that?

A:    No.

Q:    Paragraph 11 also deals with a waiver, but it's a different kind of waiver. It has to do with waiving your right to collaterally attack the sentence. That's normally done by way of what's called a petition for write of habeas corpus. That's something that would be filed here in this court and, again, in such a proceeding a person could claim that there was something unlawful or unconstitutional either about the process that was used in the case or the sentence itself and, again, that could even include a claim that your attorney had not effectively represented you. In paragraph 11, you're giving up the right to do that. Do you understand?

A:    Yes.

Q:    Any questions about that?

A:    No.

* * *

Q:    Has anyone made any other or different promises or assurances of any kind to you in an effort to induce you to plead guilty? Do you understand my question?

A:    Yes. Yes. No. No.

Q:    Has anyone attempted in any way to force you to plead guilty?

A:    No.

Q:    Are you pleading guilty of your own free will because you are guilty?

A:    Yes.

4:06-cv-04047-MMM   # 6   Page 9 of 10

* * *

Q:      Do you also understand that under some circumstances, you or the Government may have the right to appeal the sentence I impose?  In your case, as I explained earlier, the only thing you're reserving the right to appeal are two very narrow items, but, nevertheless, those do exist.  Do you understand that?

A:      Yes.

Q:      Having said that, do you understand that by entering into this plea agreement and entering a plea of guilty, you will have waived or given up almost all of your right to appeal all or any part of this sentence?

A:      Yeah.

* * *

The Court finds that nothing in the record even remotely suggests that Aswege did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein.  To the contrary, the record clearly indicates that Aswege repeatedly and expressly waived his rights to appeal and pursue collateral relief.  The record also demonstrates that the Court provided him with a lengthy and detailed explanation of the waiver provisions that was more than adequate to supplement or correct any lack of information or misinformation that may have been provided by counsel.  Further, after receiving the Court's explanation, Aswege stated that he was acting voluntarily and understood everything as it had been explained to him by the Court.

Therefore, regardless of his current protestations that counsel was less than diligent in his representation and provided ineffective assistance, the record before the Court unequivocally demonstrates that Aswege acted knowingly and freely in entering into the plea agreement, including the waiver provisions.  Had he truly not wished to plead guilty, not understood the proceedings in which he participated, or been caught unaware by the waiver provisions, it would seem only reasonable that he would have made some attempt to correct the factual record or bring his plight to the attention of the Court.

Aswege has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence.  Accordingly, the Court now holds that Aswege's waiver of his right to pursue collateral relief was both knowing and voluntary and therefore bars him from pursuing habeas relief under 28 U.S.C. § 2255.

## CONCLUSION

For the reasons set forth above, the Court cannot find that there has been any credible showing that but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different, as the record clearly demonstrates that Aswege knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence.  Accordingly, Aswege's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED.  This matter is now terminated.


ENTERED this 7th day of September, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge