UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GERALD M. ASWEGE, ) | |
| Petitioner, ) | |
| v. ) | Case No. 06-4047 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## ORDER

Now before the Court is Petitioner, Gerald M. Aswege's ("Aswege") Motion for Certificate of Appealability.  For the reasons set forth below, the Motion for Certificate of Appealability [#12] is DENIED.

### BACKGROUND

Pursuant to a written plea agreement, Aswege pled guilty to two drug counts and waived his right to a jury trial on one forfeiture count.  Aswege was sentenced on September 22, 2005.  On October 13, 2005, the Court held a hearing on the forfeiture allegations in count three of the indictment, entered a preliminary order of forfeiture on October 26, 2005, and entered the final order of forfeiture on March 23, 2006.  Aswege filed no direct appeal in his criminal case, and filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 on July 24, 2006.

On September 7, 2006, this Court denied Aswege's § 2255 petition.  In his petition, Aswege argued that he was entitled to relief under § 2255 because his counsel was ineffective for the following three reasons: (1) his counsel failed to impeach certain government

1

witnesses; (2) did not object to the preponderance of the evidence standard that Aswege alleged was used at sentencting; and (3) did not appeal Aswege's conviction and sentence.

The Court reviewed the pertinent provisions of Aswege's plea agreement in which he agreed to abandon his rights to bring either a direct appeal or collateral attack of his conviction. The Court also reviewed the transcript of Aswege's Rule 11 hearing, during which the Court engaged in a lengthy colloquy with Aswege in order to ensure that his plea was voluntary and that he fully understood the plea agreement's terms and consequences of the agreement.  Upon this detailed review, the Court concluded that Aswege knowingly, intelligently, and voluntarily waived his rights to bring both an appeal and collateral attack on his conviction and sentence.  Therefore, Aswege's claims were presumptively barred by his waiver.

Nevertheless, the Court recognized that, despite such a waiver, the right to pursue a collateral attack under §2255 survives with respect to the narrow claims that relate directly to the ineffective assistance of counsel in the negotiation of the waiver.  Even though Aswege did not explicitly allege that he received ineffective assistance of counsel in the negotiation of the waiver, the Court reviewed his arguments to ensure that the negotiation of the various waiver provisions were not implicated. Following the standards of Strickland v. Washington, 466 U.S. 668 (1984), the Court found that despite Aswege's complaints that counsel was less than diligent in his representation and provided ineffective assistance, the plea agreement was not implicated by those complaints, and Aswege made no argument or showing the he was prejudiced, that is, that but for counsel's purported errors, he would have rejected the plea offer and insisted on going to trial.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253 now requires a certificate of appealability in cases arising under 28 U.S.C. § 2255. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review.

Here's Aswege's Motion sets forth three challenges to the Court's denial of his § 2255 petition. The first basis for his request for a certificate of appealability is that this Court erred in "failing to respond and/or make a decision on petitioners [sic] issue in his 2255 regarding the federal forfeiture of his property." In his § 2255 petition, Aswege states that he made a timely request to his attorney to file a direct appeal of his forfeiture proceeding, and his attorney neglected to file such an appeal. While the Court's Order may not have specifically mentioned Aswege's allegation concerning the forfeiture portion of his criminal case, the Court made clear that *all* of Aswege's claims of ineffective assistance of counsel failed because they did not implicate the waiver of his appeal rights, and moreover, Aswege did not establish any prejudice. See Cases v. United States, 99 F.3d 1143 (8th Cir. 1996) (affirming district court's rejection of petitioners' § 2255 argument that they received ineffective assistance of counsel when counsel failed to appeal the forfeiture order, because the petitioners had failed to show prejudice). Moreover, if it was Aswege's intent to challenge the forfeiture order in his § 2255 (as opposed to challenging his confinement) then the Court was unable to consider such a challenge in the form of a § 2255 petition. In United States v. Ramsey, 106 F.3d 404 (7th Cir 1997), the Seventh Circuit made clear that a petitioner is unable to use §2255 to seek relief from a forfeiture order. The Court explained,

> Section 2255 allows a person 'in custody . . . claiming the right to be released' to bring a collateral challenged to her continued detention. [The petitioner] is not claiming the right to be released; she is claiming the right to have her property returned to her, a claim not encompassed by § 2255. We previously held that neither 28 U.S.C. § 2254 nor § 2255 authorizes a federal court to grant habeas corpus relief from monetary penalties in the form of fines. We see no reason that the result should differ in cases in which the petitioner seeks relief from monetary penalties in the form of forfeiture of property, rather than in the form of fines.

Id. (internal citations omitted). Any challenge to the forfeiture order would need to be brought in the criminal proceeding.[1]  Id.

Aswege's second basis for his request for a certificate of appealability is that the Court erred in denying his motion "as there are material and substantive issues in dispute that clearly allow him to have at the very least an evidentiary hearing to fetter out the truth of the matters asserted." This argument essentially amounts to "the Court got it wrong," presents no new arguments, and makes no substantial showing of the denial of a constitutional right. None of the issues before the Court came close to presenting issues debatable among jurists of reason under the present state of the law.

In the third and final basis for his request for a certificate of appealability, Aswege claims that he did not receive the Government's Motion to Dismiss his § 2255 petition in time for him to file a timely reply, within 21 days of the Government's pleading. Aswege's Motion for Certificate of Appealability makes reference to a letter submitted to the Court on September 12, 2006, by his sister, Claudia Aswege Vescolani. In that letter, Ms. Vescolani stated that while the Government's Motion to Dismiss was filed on August 10, 2006, it did

---

[1] The Court recognizes that the substance of Aswege's allegation is that he *did try* to challenge the forfeiture order in the criminal proceeding. While it may seem unjust, the Court is still unable to consider any challenge to the forfeiture order in the form of a § 2255 petition. The Court need not address whether Aswege would still have, at this point in time, any viable appeal right in his

not reach Aswege until September 6, 2006.  However, Aswege never filed a motion to continue or other request for additional time to reply, nor did he file a motion for reconsideration of the Court's denial of his §2255 petition on this or any other ground. Furthermore, as explained in the Court's Order of November 13, 2006, Ms. Vescolani is not an attorney and therefore could not properly represent her brother in this legal proceeding, whether she has his power of attorney or not.

In total, none of Aswege's three claims have made a substantial showing of the denial of a constitutional right, as Aswege has made no claim that presents an issue debatable among jurists of reason under the present state of the law.  Perhaps most importantly, it would appear that any attempt to appeal this Court's denial of Aswege's § 2255 petition would be untimely.  Finding no issue in this proceeding that warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Aswege's § 2255 petition.

## CONCLUSION

For the reasons set forth above, Aswege's Motion for Certificate of Appealability [#12] is DENIED.

ENTERED this 8th day of February, 2007.

                                                                  s/Michael M. Mihm
                                                                  Michael M. Mihm
                                                                  United States District Judge

---

criminal proceeding, as that question is not currently before it.